## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD AND LAURA WEATHERLY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4371-EEF-SS** |
| **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** | |

## ORDER

STATE FARM'S MOTION TO QUASH (Rec. doc. 31)

> **GRANTED**

STATE FARM'S MOTION FOR PROTECTIVE ORDER (Rec. doc. 22)

> **GRANTED IN PART AND DENIED IN PART**

Before the undersigned are the following motions:  (1) motion of the defendant, State Farm Fire and Casualty Company ("State Farm"), to quash deposition date; (2) its motion for expedited consideration of the motion to quash; and (3) its motion for a protective order to limit the plaintiffs' notice of State Farm's deposition pursuant to Fed. R. Civ. P. 30(b)(6).

## BACKGROUND

The home of the plaintiffs, Gerald and Laura Weatherly, was located in Empire, Louisiana. It was destroyed by Hurricane Katrina leaving only a slab.  Rec. doc. 29.  The plaintiffs' property was insured under two separate policies: 1) a homeowner's policy issued by State Farm with coverage for damage to the dwelling in the amount of $89,500, an extension of $12,200, and personal property for $67,125; and 2) a flood policy with State Farm as the write-your-own program

carrier with policy limits on the dwelling of $98,500 and personal property of $48,400.   Claims were filed under both policies.  The full amount was paid on the flood policy while $1,028.48 was paid under the homeowner's policy for prohibited use.  Rec. doc. 10 at 2.

The plaintiffs filed this action on August 24, 2007 seeking payment under the homeowner's policy.  Rec. doc. 1.  A scheduling order was entered with a September 30, 2008 discovery deadline, the pretrial conference set for October 30, 2008 and the trial set for November 10, 2008.  Rec. doc. 9.

On April 17, 2008, State Farm filed a motion for partial summary judgment requesting the dismissal of plaintiff's claims for structural damages.  On May 27, 2008, the District Judge ordered the parties to submit supplemental briefs regarding the Louisiana Supreme Court's decision in Landry v. Louisiana Citizens Property Insurance, Inc.  The briefs were filed, rec. docs. 26 and 28 and the motion is pending.

On April 21, 2008, the plaintiffs requested the depositions of James Genthon and Laura Beno.  Rec. doc. 34 (Exhibit A).  State Farm describes Genthon as the homeowner's adjuster and Beno as the flood adjuster for the plaintiffs' home.  Rec. doc. 29 at 1.  By at least March 31, 2008, the plaintiffs sought the depositions of the two adjusters.  Rec. doc. 12 (Exhibits A and B).  The only date given by State Farm for the depositions was July 9, 2008.  Rec. doc. 34.  On April 31, 2008, the plaintiffs confirmed the July 9, 2008 date and sent a notice for State Farm's deposition pursuant to Fed. R. Civ. P. 30(b)(6).  Rec. doc. 34 (Exhibit B).  On June 3, 2008, State Farm filed a motion for a protective order regarding the Rule 30(b)(6) deposition notice.  Rec. doc. 22.

<u>MOTION TO QUASH</u>

On June 26, 2008, State Farm moved to quash the Rule 30(b)(6) deposition.  It reports that

its corporate representative will be on vacation through July 7, 2008, and cannot be prepared to

testify by July 9, 2008.  It offers to produce him for his deposition in late July or August and urges

that this will allow sufficient time to complete any follow-up discovery before the expiration of the

September 30, 2008 deadline.  It contends that the outcome of its motion for a protective order may

affect its ability to prepare a corporate representative to testify.  The plaintiffs respond that: (1) they

were delayed by State Farm in their discovery; (2) the deposition was noticed for more than two

months; and (3) State Farm has not demonstrated good cause for delaying it.[1]

     The motion to quash will be granted as to the date it will be taken.  State Farm shall produce

its corporate representative(s) for deposition by Friday, August 15, 2008.  If counsel cannot agree

on a date, then State Farm and its corporate representative(s) shall accommodate the schedule of the

plaintiffs so that the deposition is concluded by August 15, 2008.

<u>MOTION FOR PROTECTIVE ORDER</u>

     The areas of inquiry at issue are nos. 3 and 7 through 10.[2]

<u>Area of inquiry no. 3</u>.

> State Farm's policy, practice, and procedure of employing engineers and/or experts;
> initiating and using adjuster summaries, engineer reports, and any and all other investigative
> reports, as well as drafts and notes of such, to assist in adjusting homeowner insurance policy
> hurricane Katrina claims in Louisiana.

     State Farm contends that the area of inquiry is objectionable because: (1) it is vague; (2) it

is not relevant because State Farm did not use an engineer in the adjustment of the claim; and (3)

---

[1] On June 3, 2008, State Farm's counsel notified plaintiffs that Laura Beno was no longer employed by the independent adjusting company which State Farm retained at the time of Katrina.  It contends that it has no control over Beno and plaintiffs must subpoena her in Orlando, Florida where she lives.  Rec. doc. 29 (Exhibit A).  The parties do not report any problem with the deposition of the homeowner's adjuster, Genthom, so it is assumed that he will be deposed on July 9, 2008.

[2] The plaintiffs opposition only addresses area of inquiry nos. 3 and 7-10.  The parties indicate that the issues concerning the remaining areas of inquiry were resolved.

it requires testimony concerning the handling of claims other than the claim made by plaintiffs. The plaintiffs respond that they are entitled to testimony regarding State Farm's policy on the retention of experts in slab cases like their claim. The area of inquiry shall be limited to adjusting homeowner claims in Plaquemines Parish where only the slab remained. It shall further be limited to questioning about the types of experts retained by State Farm in this case.

Area of inquiry no. 7.

State Farm's practices and procedures used during Hurricane Katrina for investigating, paying and denying homeowner's claims losses where the insured home was removed from its foundation.

This area of inquiry shall be limited to Katrina claims in Plaquemines Parish for claims where only the slab remained.

Area of inquiry nos. 8 and 9.

State Farm's practices and procedures used during Hurricane Katrina for investigating, paying and denying claims submitted under State Farm's W.Y.O. flood policies where the insured home was removed from its foundation.

State Farm's practices, guidelines and procedures used during Hurricane Katrina for documenting claims paid under State Farm's W.Y.O. flood policy.

State Farm objects because: (1) plaintiffs were paid the limits of their flood policy; and (2) they are not making a claim on the flood policy. The plaintiffs respond that they are entitled to testimony on this issue because the only basis for the denial of their claim under the homeowner's policy was the fact that adjuster-Beno concluded that the storm surge destroyed the home. The plaintiffs urge they are entitled to determine what guidelines and procedures Beno used to make this determination.

State Farm's objection is sustained.

Area of inquiry no. 10.

      State Farm's practices and procedures for training adjusters, both homeowner's and flood, on how to determine whether Hurricane Katrina's wind, storm surge or a combination of both wind and storm surge, removed a home from its foundation.

      State Farm objects to providing information for flood adjusters.  It cites its objections to area of inquiry nos. 8 and 9.  Its objection is sustained.  It shall provide testimony on this area of inquiry for its adjusters for claims on homeowner's policies in Plaquemines Parish.

      IT IS ORDERED that:

1.     State Farm's motion for expedited hearing (Rec. doc. 30) is GRANTED.

2.     State Farm's motion to quash (Rec. doc. 31) is GRANTED as provided herein.

3.     State Farm shall produce its corporate representative(s) by no later than **Friday, August 15, 2008**.  State Farm and its corporate representative(s) shall be required to accommodate the schedule of plaintiffs in order that the deposition is concluded by **August 15, 2008.**

4.     State Farm's motion for a protective order (Rec. doc. 22) is GRANTED in PART and DENIED in PART as provided herein.

      New Orleans, Louisiana, this 30th day of June, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**