UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GERALD WEATHERLY ET AL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-4371** |
| | * | |
| **STATE FARM FIRE & CASUALTY INSURANCE COMPANY** | * | **SECTION "L" (1)** |

## ORDER

Before the Court is Defendant's Motion to Exclude Secret Tape Recordings of Witness Lorrie Beno (Rec. Doc. No. 152). Lorrie Beno is a claims adjuster assigned to adjust State Farm flood claims in the aftermath of Hurricane Katrina. The Plaintiffs' investigator, Tim Asmussen, contacted Ms. Beno on January 6, 2009 and January 16, 2009, and recorded their conversations. The Defendant objects to the use of Ms. Beno's recorded statements, allegedly for impeachment purposes, on the grounds of relevance under Federal Rule of Evidence 401, prejudice, confusion or waste of time under Federal Rule of Evidence 403, hearsay rules, and because a party may not use extrinsic evidence to impeach a witness on collateral matters. In response, the Plaintiffs take the position that the objection is premature as Ms. Beno has not yet offered any testimony inconsistent with her statements, the Plaintiffs seek to give Ms. Beno an opportunity to explain or deny any inconsistent statements under Federal Rule of Evidence 613(b), any potential prejudice is ameliorated by a jury instruction regarding the purpose of impeachment, and that the statements are admissible as impeachment evidence.

The statements are clearly out of court statements and would ordinarily be excludable hearsay. However, they would qualify as exceptions to the hearsay rule since they are the party's own statements (F.R.E. 801(d)(1) and F.R.E. 801(d)(2)) and may be used for impeachment purposes (F.R.E. 607) if they are inconsistent with the witness' testimony (F.R.E. 613). Such

statements are admissible unless excluded because of lack of relevance or prejudice or confusion (F.R.E. 401 and F.R.E. 403). With regard to the relevance objection, the statements are relevant under Federal Rule of Evidence 401 because they involve an adjuster responding to questions about wind versus flood coverage in the aftermath of Hurricane Katrina. The statements are not excludable as prejudicial or confusing under Federal Rule of Evidence 403 since any potential confusion can be removed by cross-examination. With regard to collateral matters, the Court will consider these issues if raised by the parties regarding admissibility at trial. The Court reserves the right of either party to re-urge these issues for the purpose of determining admissibility at trial. Accordingly,

IT IS ORDERED that the Defendant's Motion to Exclude Secret Tape Recordings of Witness Lorrie Beno (Rec. Doc. No. 152) is hereby DENIED.

New Orleans, Louisiana, this 4th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE