# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GERALD AND LAURA WEATHERLY,** | * | **CASE NUMBER 07-4371** |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **VERSUS** | * | **SECTION "L"** |
| | * | **JUDGE ELDON FALLON** |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | **MAGISTRATE 1** |
| **Defendant** | * | **SALLY SHUSHAN** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA FOR DOCUMENTS FROM A NONPARTY

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes defendant, State Farm Fire and Casualty Company ("State Farm"), who respectfully submits this reply memorandum in support of its Motion to Quash.  For the following reasons, and those set forth in State Farm's opening memorandum, this Honorable Court should quash the subpoena issued by plaintiffs to Mark Pivach, Esq., on April 30, 2009, for documents that are readily obtainable from State Farm.

## I.  THE PLAINTIFF INCORRECTLY ASSERTS THAT STATE FARM LACKS STANDING TO MOVE TO QUASH THE SUBPOENA

A moving party has standing to quash a subpoena seeking the production of documents from a nonparty when the moving party has "a personal right or privilege in the subject matter of

the subpoena or a sufficient interest in it." *Assn. of American Physicians & Surgeons Inc. v. Texas Me. Bd.*, 2008 WL 2944671, *1 (E.D. Tex. 2008). State Farm has a sufficient interest in the subject matter of the subpoena issued to Mr. Pivach because the documents requested specifically relate to discovery materials from unrelated cases between State Farm and a nonparty. Nevertheless, plaintiffs assert two arguments in support of the allegation that State Farm lacks standing: first, the plaintiff claims that defendants, in general, do not have standing to quash subpoenas issued to nonparties; and, second, that State Farm, in particular, lacks standing because it has no 'personal right or privilege' in the materials requested. Both of these assertions are incorrect. Therefore, the motion to quash should be granted.

In support of the claim that defendants generally do not have standing under the present circumstances, the plaintiff cites *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). The same authority, however, has been used by courts to explain that the ability to quash a subpoena <u>is not</u> confined to the person from whom the materials are requested. *See Assn. of American Physicians*, 2008 WL 2944671 at *1. In fact, the *AAP* court has interpreted *Brown* as saying that <u>a party need not be the "the person to whom the subpoena is directed</u> [to] have such standing if it has a personal right or privilege in the subject matter of the subpoena <u>or a sufficient interest in it</u>." *Id.* As long as the aforementioned condition is met, there is no general prohibition against a defendant moving to quash a subpoena issued to a nonparty.

The plaintiff asserts that State Farm has failed to demonstrate that a "personal right or privilege" exists regarding the subpoenaed material. This contention conspicuously omits the second portion of the rule, which requires a party to have either a "personal right or privilege" <u>or</u> "a sufficient interest" in the subpoenaed subject matter to impart standing. *Id.* While the subpoenaed material here may not be privileged *per se*, State Farm nonetheless has a sufficient

interest in the documents because of their nature as litigation materials. The photographs, reports, and settlement and other documents requested represent not only business records (some of which are confidential), but also materials involved in lawsuits that State Farm was the named defendant. State Farm's interest in these materials is evidenced by its objection, submitted May 19, to the plaintiffs' request for them, which was premised on privilege, privacy, and relevance. The fact that the plaintiffs' Fifth Request for Production of Documents sought substantially the same information that plaintiffs later requested from Mr. Pivach evidences awareness of State Farm's interest. Plaintiffs hope to circumvent State Farm's asserted interest by demanding similar materials from a nonparty before this Court has an opportunity to rule on State Farm's objections to the production of the requested materials. Accordingly, State Farm's interest in the materials is sufficient to impart standing to quash the subpoena.

## II.   THE PLAINTIFF FAILS TO APPRECIATE THE VALIDITY AND APPLICABILITY OF THE DIRECT SOURCE RULE TO THE PRESENT CASE.

Pursuant to Federal Rule 26(b)(2)(c), a subpoena for evidence from a nonparty can be quashed if the evidence sought is available from a more "direct source." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).  The direct source rule is valid because of its foundation in Federal Rule 26(b)(2)(c), and is applicable because the conditions listed in the Federal Rule is triggered by the present circumstances. Nevertheless, plaintiffs argue the direct source rule should be rejected in favor of a 1965 decision of the Tenth Circuit Court of Appeal. *See Covey Oil Co. v. Continental Oil Co., et al.*, 340 F.2d 993, 998 (10th Cir. 1965).  Plaintiffs' reliance on this case is unfounded because *Covey* is both factually distinct from the present situation and fails to address the validity of the direct source in the opinion.

The *Covey* ruling is inapplicable to the case at bar both because of its factual disparity from present circumstances and its failure to rebut the direct source rule. In *Covey*, the court

denied the nonparty's motion to quash. It reasoned a subpoena issued to a nonparty should not be quashed solely because the evidence was obtainable from a party to the lawsuit. Yet, this ruling was premised on circumstances where the desired evidence only "might be obtained, at least in part, from" the other party. *Id.* The uncertainty about whether a party to the case would be the most direct and convenient source of information created an incentive for the nonparty to be subpoenaed directly. *See id.* Unlike *Covey*, there is no doubt in the present case that State Farm has the desired information and is the most direct source for recovering it. Accordingly, the *Covey* opinion makes no mention of the direct source rule. Its argument against the "obtainable elsewhere" justification for quashing was premised on the condition that the information only "might be obtained" elsewhere, unlike the present situation where the plaintiffs were aware all the subpoenaed materials could be more conveniently obtained from an existing party. The plaintiffs' Fifth Request for Production of Documents is evidence of this and further distinguishes *Covey* from the present case. In this sense, *Covey* poses no direct challenge to the direct source rule and State Farm's motion to quash the subpoena should be granted.

Additionally, the federal rules allow for the quashing of a subpoena that seeks duplicative information. Federal Rule 26(b)(2)(c) dictates that "the court must limit the frequency or extent of discovery…if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient." Fed. R. Civ. P. 26(b)(2)(c)(i). The *Nidec* court's imposition of the direct source rule to quash nonparty subpoenas is an immediate application of this Federal Rule. *See Nidec*, 249 F.R.D. at 577. In the instant case, the subpoena to Mr. Pivach exemplifies discovery that is both duplicative and obtainable from a more convenient source. The plaintiffs requested substantially the same information from a direct party to the case, State Farm, that they later demanded from a

nonparty. Rather than issuing duplicative subpoena requests to Mr. Pivach, the plaintiffs should have waited for State Farm's response regarding the materials in accordance with the federal rules concerning discovery.

Indeed, this discovery dispute is moving towards resolution under the discovery process set forth by the Federal Rules of Civil Procedure. State Farm issued its objections to plaintiffs' Request for Production.[1]  Plaintiffs are now free, under FRCP Rule 37 to file a Motion to Compel should they believe State Farm's objections are invalid.  This Court may then hear arguments from both sides and issue a ruling.  Plaintiffs should not be allowed to circumvent this process by issuing a subpoena to a nonparty seeking information that this Court may ultimately rule they are not entitled to obtain.  Accordingly, State Farm's motion to quash should be granted.

Respectfully submitted,

_/s/ Donna Bramlett Wood_
MARK E. HANNA (#19336)
DONNA BRAMLETT WOOD (#22692)
MCCRANIE, SISTRUNK, ANZELMO, HARDY,
      MAXWELL & MCDANIEL
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504)831-0946
Attorneys for State Farm Fire
and Casualty Company

---

[1] *See* Ex. "A" (State Farm's Objections to Fifth Request for Production)

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this **26**[th] day of May, 2009, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Donna Bramlett Wood*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| **GERALD AND LAURA WEATHERLY** | * | |
| **Plaintiff** | * | **Case No. 07-4371** |
| **Versus** | * | |
| | * | **Section "L"** |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **INSURANCE COMPANY** | * | **Magistrate 1** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RESPONSE TO PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, comes State Farm Fire and Casualty Insurance Company, who responds to Plaintiffs' Fifth Request for Production of Documents in the following manner, to-wit:

## SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 1:

Please produce copies of any and all (1) **color** photographs, (2) adjuster's reports and loss statements, (3) denial letters, (4) activity logs, (5) engineering or other type of hurricane damage assessment expert reports, (6) homeowner's insurance policy claim payment information **pre-litigation** and (7) diagrams, drawings, depictions or other illustrations, generated in connection with your adjustment of the following Hurricane Katrina homeowner's claims:

    (a)    **Mitchell Jurisich v. State Farm**
             Property Address: **122 Rose Marie Drive, Empire, Louisiana**
    (b)    **Danny and Nancy Fontaine v. State Farm**
             Property Address: **170 Fontaine Lane, Buras, Louisiana**
    (c)    **William and Brenda Huff v. State Farm**
             Property Address: **32914 Highway 11, Empire, Louisiana**

(d)   **Tera Sertavich v. State Farm**
      **Property Address: 32914 Highway 11, Empire, Louisiana**
(e)   **Clark, NO, Inc., Ronald Rodriguez, et al. V. State Farm**
      **Property Address: 33039 Highway 11, Empire, Louisiana**

**PLEASE BE ADVISED THAT AN AFFIDAVIT OR OTHER TYPE OF VERIFICATION FROM A STATE FARM REPRESENTATIVE ATTESTING TO THE TRUTHFULNESS AND ACCURACY OF YOUR RESPONSES MUST ACCOMPANY YOUR RESPONSES TO THESE REQUESTS FOR PRODUCTION OF DOCUMENTS.**

**RESPONSE:**

State Farm objects to this request because it seeks information that is neither relevant to the claims or defenses of a party nor reasonably calculated to lead to the discovery of admissible evidence. State Farm objects to this request because it is overly broad in subject matter, scope, geographic area, and because it has no bearing on Plaintiffs' individual property damage claim made the basis of this suit. State Farm objects to this request because it seeks information contained in the claim files of insureds who are not parties to this litigation and that would invade the privacy rights of those insureds. State Farm objects to this request to the extent the information sought is protected by the attorney/client, work product, or consulting expert privileges.

Respectfully submitted,

*Donna Bramlett Wood*
DONNA BRAMLETT WOOD (22692)
MARK HANNA (19336)
McCRANIE, SISTRUNK, ANZELMO,
    HARDY, MAXWELL & McDANIEL
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
(504) 831-0946
ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served on counsel of record by placing the same in the U.S. mail, postage prepaid and properly addressed, this *19d* day of May, 2009.

*Donna Bramlett Wood*