# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD AND LAURA WEATHERLY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4371-EEF-SS** |
| **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** | |

## ORDER

STATE FARM'S MOTION TO QUASH SUBPOENA (Rec. doc. 157)

**DENIED**

Before the undersigned is the motion of the defendant, State Farm Fire and Casualty Company ("State Farm"), to quash subpoena. On April 30, 2009, the plaintiffs, Gerald and Susan Weatherly, served a subpoena on Mark Pivach, the attorney for the plaintiffs in "Clark-No, Inc., Ronald L. Rodriguez, Jr., and Gregory Rodriguez v. State Farm Fire and Casualty Company," CA 07-2762-JCZ, which, after a settlement, was dismissed. The Weatherly plaintiffs seek documents from Pivach's file relating to the claim of the Rodriguez plaintiffs against State Farm. For example, depositions taken in the case are sought by the subpoena. Pivach has not objected to the subpoena and has not reported any unwillingness to produce the documents. There is no protective order in 07-2762 to prevent Pivach from disclosing the documents to the Weatherly plaintiffs.

The Weatherly plaintiffs contend that State Farm has no standing to move to quash the subpoena served on the non-party, Pivach, because it has no personal right or privilege to the documents. State Farm responds that it has a sufficient interest in the documents to impart standing.

Rec. doc. 168 at 2.

In Brown v. Braddick, 595 F.2d 961 (5th Cir. 1979), the court was confronted with a motion to quash a subpoena to a non-party in a patent interference proceeding.

> The moving party has not carried its burden. First, one of the persons subpoenaed, Grainger, is not a party to the interference proceeding and has not joined in the request for a stay. Braddick and Lindsey do not have standing to raise the issue of Grainger's amenability to the compulsory process of the district court since they are not in possession of the materials subpoenaed and have not alleged any personal right or privilege with respect to the materials subpoenaed. See Vogue Instrument Corp. v. LEM Instruments Corp., 41 F.R.D. 346, 348 (S.D.N.Y.1967); Shepherd v. Castle, 20 F.R.D. 184, 188 (W.D.Mo.1957); 9 C. Wright & A. Miller, Federal Practice and Procedure, s 2457 at 431 (1971).

Id. at 964 (emphasis added). In Vogue Instruments, the defendants' motion to quash subpoenas to non-parties was denied because they lacked standing to attack the subpoenas. The defendants contended that some of the documents in the possession of the non-parties contained trade secret data. The court found this was an unsupported conclusory statement. 41 F.R.D. at 348. In Shepherd v. Castle, the court held:

> Unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a non-party witness, the party to the action has no right to relief under Rule 45(b) or 30(b).

20 F.R.D. at 188 (emphasis added). The current edition of Wright & Miller states that, "[n]umerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena." 9A Wright & Miller, Federal Practice and Procedure §2463.1 (3d ed. 2008)(emphasis added). These authorities demonstrate that in order to move to quash a subpoena to a non-party, a party is required to at least allege a personal right or privilege to the subject mater of the subpoena. There is no reference in these authorities to "a sufficient interest" in the subject matter of the subpoena.

2

Recent cases have stated that a party has standing to object to subpoena directed to a non-party "if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." Association of American Physicians & Surgeons, Inc. v. Texas Medical Board, 2008 W.D. 2944671 (E.D. Tex.) (citing Brown v. Braddick, 595 F.2d at 967); and Kiger v Plaisance Dragline, 2006 WL 3228289 (E.D.La.)(Roby, M.J.)(citing Brown and Westside-Marrerro Jeep Eagle, Inc. v. Chrysler Corp., 1998 WL 186705, *4) (Wilkinson, M.J.). In Westside-Marrerro Jeep Eagle, the court cited Brown and Wright & Miller and referred to the need for a personal right or privilege to have standing to object to a subpoena to a non-party. It did not state that a sufficient interest in the subject matter would provide standing. Based on Brown v. Braddick, State Farm is required to demonstrate some personal right or privilege in the documents.

State Farm urges that it has a personal right or privilege to each of the documents sought by the Weatherly plaintiffs from Pivach, because the documents specifically relate to its actions in prior litigation and they are private documents. State Farm contends that based on this right or privilege it has standing to object to the subpoena to Pivach and that the subpoena should be quashed because the information can be obtained directly from it. It reports that on April 17, 2009, the Weatherly plaintiffs requested substantially the same information from State Farm. State Farm objected to the production of the documents on several grounds including the attorney-client privilege, work-product doctrine and a privilege for consulting experts. Rec. doc. 168 (attachment). If any of the documents in Pivach's file are communications between State Farm and its counsel, the attorney-client privilege was waived when the documents were voluntarily disclosed to Pivach and the Rodriguez plaintiffs. Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine*, A.B.A., Sec. of Lit. (5th Ed. 2007) ("Epstein"), pp. 398-407. Assuming documents in the

3

Pivach file were the work-product of State Farm's counsel, the protection was waived with the voluntary disclosure of the documents to State Farm's adversaries. Id. at 1033-38. If there is a privilege for consulting experts, it would be in the nature of the work-product doctrine and again, the production of the documents to State Farm's adversaries resulted in waiver.

Rule 1.16(d) of the Rules of Professional Conduct, regulating the production of a client's files upon termination of the attorney's representation of the client, and Ethics Opinion 05-RPCC-003 (4/4/05) of the Louisiana State Bar Association demonstrate that the documents in Pivach's file belong to the Rodriguez plaintiffs. In the absence of action sealing the record or requiring that documents produced by State Farm be held subject to a protective order, there is no basis for State Farm to contend that it has a personal right or privilege to the documents in Pivach's file nor is there anything to prevent the Rodriguez plaintiffs from turning over their documents to their neighbors. If a party held a privilege over documents produced to another party merely because they were "private" documents, there would be no need for protective orders. State Farm lacks standing to object to the subpoena served on Pivach.

Assuming it did have standing, State Farm contends that the subpoena should be quashed because the documents can be obtained from a more direct and convenient source, namely State Farm. It cites Nidec v. Victor Company of Japan, 249 F.R.D. 575 (N.D. Cal. 2007), a patent infringement case, in which the plaintiff served a subpoena on a non-party. Both the non-party and the defendant moved to quash the subpoena. The court determined that "the vast majority of the discovery" sought from the non-party was obtainable from "a source more direct, convenient, and less burdensome-namely the" defendant. Id. at 577. It held that, "[t]here is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant." Id.

4

Where the non-party is objecting to the subpoena, there is obvious merit to the conclusion in <u>Nidec</u>. In this case, there is no objection from the non-party, Pivach. Without such an objection, the reasoning in <u>Nidec</u> does not provide a basis for quashing the Weatherly plaintiffs' subpoena.

This is not a ruling that these documents are admissible. That issue is reserved to the District Judge.

IT IS ORDERED that State Farm's motion to quash subpoena (Rec. doc. 157) is DENIED.

New Orleans, Louisiana, this 28th day of May, 2009.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**